## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN  DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **PATRICK MULLIGAN** | : | |
| **217 Main Street,** | : | **Civil Action No.** |
| **Groton, Massachusetts 01450** | : | |
| **Plaintiff** | : | |
| **v.** | : | |
| | : | |
| **OZOP ENERGY SOLUTIONS, INC.** | : | |
| **7 Katelyn Ct.** | : | |
| **Warwick NY 10990** | : | |
| **and** | : | |
| **BRIAN CONWAY** | : | **JURY TRIAL DEMANDED** |
| **7 Katelyn Ct.** | : | |
| **Warwick NY 10990** | : | |
| **Defendants** | : | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Patrick Mulligan, by and through its undersigned counsel, Alan L. Frank Law

Associates, P.C., herein file its Complaint against Defendants Ozop Energy Solutions, Inc. and

Brian Conway, and allege as follows:

### PRELIMINARY STATEMENT

1.      This action relates to Plaintiff Patrick Mulligan's purchase and sale of Ozop Energy

Solutions, Inc. ("OZOP") securities, and damages caused by OZOP and its Chief

Executive Officer, Brian Conway ("Conway") (OZOP and Conway will be collectively

referred to herein as "Defendants") violations of federal and state securities law and

common laws. This securities fraud action is based on two (2) press releases issued by

OZOP: the first dated January 12, 2021, which contained materially false and misleading

information about the execution of a Master Supply Agreement, and the second dated

February 5, 2021 which "retract[ed] the press release it issued on January 12, 2021". In reliance on OZOP's January 12, 2021 press release (which was retracted and corrected by OZOP's February 5, 2021 press release), on the same date, Plaintiff sold **all** of his 4,370,180 OZOP shares on the public market.  The February 5, 2021 corrective press release (which retracted the January 12, 2021 press release and corrected the material misrepresentations provided therein) caused a dramatic increase in the price of OZOP's shares, significantly in excess of the price at which Plaintiff sold his OZOP shares on January 12, 2021 (in reliance on the January 12, 2021 press release), causing Plaintiff to suffer significant losses, in excess of 2 Million Dollars, as a direct and proximate result of Defendants' material misrepresentations.

**JURISDICTION AND VENUE**

2.     The claims asserted herein arise under and pursuant to Sections 10(b),  and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78b-1 and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. §240.10b-5, and under the common law.

3.     This Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and Section 27 of the Exchange Act, 15 U.S.C. §77v(a) and/or 78aa, diversity jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this District pursuant to Section 27 of the Exchange Act, and 28 U.S.C. § 1391(b) in tht Defendants maintain their principal executive offices in this District and many of the acts, practices and transactions complained of herein occurred in substantial part in this District.

5.     The acts and violations alleged in this Complaint occurred in connection with the "purchase" and/or "sale" of a security and involved, directly or indirectly, the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications, the internet, and the facilities of the national securities markets.

## PARTIES

6.     Plaintiff Patrick Mulligan ("Plaintiff") is an adult individual who maintains his residence at 217 Main Street, Groton, Massachusetts 01450, and who purchased and sold 4,370,180 shares of OZOP common stock as set forth more fully below, and has suffered economic damages as a result of the Defendants' acts and omissions.

7.     Defendant OZOP  invents, designs, develops, manufactures, and distributes ultra-high-power chargers, inverters, and power supplies for a wide variety of applications in the defense, heavy industrial, aircraft ground support, maritime and other sectors.  See OZOP website, at About page, https://ozopenergy.com/about, attached hereto as Exhibit "A".

8.     Defendant OZOP  is a Nevada Corporation with its principal place of business located at 7 Katelyn Ct., Warwick NY 10990.  See OZOP Form 8-K dated January 12, 2021 and filed with the SEC, attached hereto as Exhibit "B".

9.     Defendant Conway, according to OZOP filings with the SEC, is and has been at all times relevant hereto, the Chief Executive & Financial Officer, and Director of OZOP and maintains his principal place of business at 7 Katelyn Ct., Warwick NY. See OZOP website, at Leadership page, https://ozopenergy.com/about/#leadership, attached hereto as

Exhibit "C"; and OZOP Form 8-K dated February 16, 2021 (identifying the address of principal executive offices as 7 Katelyn Ct., Warwick NY 10990), attached hereto as Exhibit "D".[1]

10.     Defendant Conway, because of his positions with OZOP, possessed the power and authority to control the contents of OZOP's press releases, SEC filings and presentations to securities analysts, and investors, i.e., the market.  Upon information and belief, Defendant Conway was provided and approved OZOP's January 12, 2021 press release, alleged herein to be misleading, and had the ability and opportunity to know the true facts and to prevent its issuance. Because of his position and access to material non-public information available to him but not to the public, Defendant Conway knew or should have known that the representations which were being made in the January 12, 2021 Press Release were materially false and misleading.  In addition, by virtue of his high-level positions with OZOP,  Defendant Conway directly participated in the management of OZOP, was directly involved in the day-to-day operations of OZOP, was privy to confidential proprietary information concerning OZOP and its business, its operations, its contracts, products, growth, and financial condition, as alleged herein. Defendant Conway

---

[1]OZOP was formerly known as Ozop Surgical, Inc.  On October 29, 2020, Ozop Surgical, Inc., entered into an Agreement and Plan of Merger with its newly formed and wholly owned subsidiary, for the sole purpose of changing its name to "Ozop Energy Solutions, Inc." That same day the Company filed Articles of Merger with the Nevada Secretary of State, which were stamped effective as of November 3, 2020. As permitted by the Section 92.A.180 of the Nevada Revised Statutes, the sole purpose and effect of the filing of Articles of Merger was to change the name of the Company to "Ozop Energy Solutions, Inc." See, OZOP Form 8-K dated October 29, 2020, attached hereto as Exhibit "N" (copies if the Merger Agreement, the Articles of Incorporation, and the Articles of Merger are attached thereto as Exhibits 2.1, 3.1, and 3.2 respectively).

was involved in drafting, producing, reviewing and/or disseminating the misleading statements and information alleged herein, was aware, or recklessly disregarded, that the misleading statements were being issued regarding OZOP, and approved or ratified these statements, in violation of the federal securities laws and common laws.

11.     As an officer and controlling person of a public company whose common stock was, and is, registered with the SEC pursuant to the Exchange Act, and was and is quoted and traded on the OTC market, and governed by the provisions of the federal securities laws, Defendant Conway had a duty to disseminate promptly, accurate and truthful information with respect to OZOP's financial condition, operations, executed contracts, and present and future business prospects, so that the market price of the Company's securities would be based upon truthful and accurate information. Defendant Conway's misrepresentations violated these specific requirements and obligations.

12.     Defendant Conway, because of his position of control and authority as an officer and director of OZOP, was able to and did control the content of the various SEC filings, press releases and other public statements pertaining to OZOP during the relevant time period of January, 2021 through February, 2021. Defendant Conway was provided the press release dated January 12, 2021 alleged herein to be misleading prior to or shortly after its issuance and/or had the ability and/or opportunity to prevent its issuance or cause it to be promptly corrected, prior to OZOP's February 5, 2021 press release. Accordingly, Defendant Conway is responsible for the accuracy of the public reports and releases detailed herein, and is therefore primarily liable for the misrepresentation of material fact contained therein.

**BACKGROUND FACTS**

13.    During the period of June 2020 through January 2021, Plaintiff purchased Four Million Three Hundred Seventy Thousand One Hundred and Eighty (4,370,180) shares of OZOP on the OTC based on public information that OZOP was entering into the green energy sector and was going to start manufacturing electronic car batteries.  See Fidelity Brokerage Services, LLC report of Plaintiff's purchase and sale of OZOP securities, attached hereto as Exhibit "E"; See also OZOP August 6, 2020 Press Release titled "Ozop Enters into Strategic Alliance with Renewable Energy Development Firm", attached hereto as Exhibit "F"; OZOP January 7, 2021 Press Release titled "Ozop Energy Solutions Announces New Subsidiary" (stating "Ozop Energy Systems vision is to be a global leader of supply chain solutions within the renewable energy market."), attached hereto as Exhibit "G"; OZOP January 5, 2021 Press Release titled "Ozop Energy Solutions Finalizes Name Change" (stating "Our name change supports our strategy as a broad renewable energy solutions company. 'As we enter the new year, now is the perfect time to introduce our new name – Ozop Energy Solutions, Inc. – which reflects our recent strategic change from innovative surgical technologies, which struggled due to COVID-19, to entering the exploding energy storage market' stated Brian P Conway, Chief Executive Officer of OZSC.... Now that we are officially classified as an energy company, our team can move forward with additional acquisitions, new products, strategic partnerships, and new corporate and e-commerce websites"), attached hereto as Exhibit "H".

14.     On January 12, 2021, OZOP issued a press release that it had "entered into a Master Supply Agreement with Wesco International, Inc." ("Wesco"), stating:

> ***Ozop Energy Solutions. (OZSC), ('Ozop' or the 'Company'), is pleased to announce they have entered into a Master Supply Agreement with WESCO International, Inc. (NYSE: WCC).*** **This agreement allows Ozop Energy Solutions, via its recently announced wholly owned subsidiary Ozop Energy Systems, access to premier manufacturers as a key source of top-quality products and solutions for the renewable energy market. 'Since 1922, WESCO has grown and transformed from a division of Westinghouse Electric into an industry-leading Fortune 500 supply chain solutions company. As the scale of energy storage projects increases globally, our relationship with WESCO creates an opportunity for providing one stop shopping for not only our clientele, but for the industry,' stated Brian P Conway, Chief Executive Officer of OZSC. 'Ozop Energy Systems will address customer project demand streams through our online catalogue portal or directly with our procurement specialists interfacing directly with WESCO International. We are honored to share their passion for service.'**

(The "January 12, 2021 Press Release") A true and correct copy of the OZOP January 12, 2021 Press Release (emphasis added) is attached hereto as Exhibit "I".

15.     A copy of the January 12, 2021 Press Release announcing that "OZOP entered into a Master Supply Agreement with Wesco International. Inc." was attached as Exhibit 99.1 to OZOP's Form 8-K dated January 12, 2021 and filed with the SEC, and said press release was "incorporated by reference solely for purposes of this Item 7.01 disclosure".  See OZOP Form 8-k dated January 12, 2021, attached hereto as Exhibit "B".

16.     As Defendant Conway signed OZOP's Form 8-K dated January 12, 2021, which had attached thereto the January 12, 2021 Press Release, he approved of  the issuance of said Press Release.  See Exhibit "B".

17.     After researching Wesco, Plaintiff determined that the "executed"  Master Supply Agreement with Wesco would have a negative impact on OZOP's overall business and profitability, as it would require OZOP to go through Wesco (as a middleman) for

OZOP's supply needs, rather than going to the manufacturers directly.

18.    As a direct and proximate result of the January 12, 2021 Press Release, and information contained therein that OZOP "entered into a Master Supply Agreement with Wesco International, Inc.", on the same day, January 12, 2021 Plaintiff decided to and did sell all of his 4,370,180 shares of OZOP for approximately $0.02 per share.  See Fidelity Brokerage Services, LLC report of Plaintiff's purchase and sale of OZOP securities, attached hereto as Exhibit "E".

19.    A significant number of other OZOP securities holders apparently came to a similar conclusion as Plaintiff, as immediately following the January 12, 2021 Press Release there was a dramatic increase in the sale of OZOP shares.  See Graph showing significant increase in OZOP share sales following the January 12, 2021 Press release, attached as Exhibit "J".

20.    Three (3) weeks later, on February 5, 2021, OZOP issued a corrective Press Release as a "January 12 Update" stating:

**Ozop Energy Solutions retracts the press release it issued on January 12, 2021 regarding Ozop Energy Solutions entering into a Master Supply Agreement. Ozop did not have authorization to issue the press release, and the agreement referred to in the release has been terminated.**

(The "Corrective February 5, 2021 Press Release"). OZOP's Corrective February 5, 2021 Press Release is attached hereto as Exhibit "K".

21.    On February 8, 2021 OZOP filed a Form 8-K with the SEC dated February 3, 2021 wherein it states "The Company issued press releases on February 3, 2021, February 5, 2021, and February 8, 2021. A copy of the press releases issued by the Company are

attached as Exhibit 99.1, Exhibit 99.2 and Exhibit 99.3 to this Current Report on Form

8-K, which are incorporated by reference solely for purposes of this Item 7.01

disclosure."  See OZOP Form 8-K dated February 3, 2021 attached hereto as Exhibit "L".

22.     Confirming Plaintiff's belief that a Master Supply Agreement with Wesco would

negatively affect OZOP's profitability (which was the reason he sold his OZOP shares on

January 12, 2021 following the January 12, 2021 Press Release), in multiple social media

posts OZOP and Conway characterized the invalidity of Wesco Master Supply

Agreement as a "blessing in disguise" which will allow for "more work" and "larger

profits" to OZOP stating, in relevant part as follows:

In OZOP's February 7, 2021 Twitter post it stated:
**"To followup on Friday's PR [the Corrective February 5, 2021 Press Release]
$OZSC [OZOP's ticker symbol] has secured reseller agreements with Krannich
Solar, Mitsubishi, Panasonic, Samsung, just to name a few.  We have decided to go
directly to manufacturers to supply OZOP Systems.  More work, larger profits, it's
a blessing in disguise"**

Conway stated in his February 8, 2021 social media post:
**"we're bypassing the middleman.  We have supply contracts now directly with
manufacturers.  We don't need them"** [referring to Wesco]

Conway stated in one February 5, 2021 social media post:
**"We don't need to buy our beef from McDonalds when we can go to the farm..."**

Conway stated in another February 5, 2021 social media post:
 **"I'm being 100% transparent. I didn't want to be a puss and drop a sneaky after
hours PR and ignore everyone. Its for the best.  I don't want to be locked in paying
more money with gestapo oversight..."**

Conway stated in another February 5, 2021 social media post:
**"Just a head's up.  I want folks to know this is best for the company in the long run.
We went to them** [referring to Wesco] **for a fast and easy supply point.  But we're
getting more a [**typo in original**] more connections these day to better options"**

9

See OZOP February 7, 2021 Twitter post, and Conway February 5 and February 8, 2021 Social Media Posts collectively attached hereto as Exhibit "M".

23.  The Defendants fraudulently issued the January 12, 2021 Press Release falsely claiming that OZOP " entered into a Master Supply Agreement with Wesco International, Inc.", when in fact, as the Corrective February 5, 2021 Press Release indicates, "OZOP did not have authorization to issue the [January 12, 2021] press release" and OZOP did not move forward with the Master Supply Agreement with Wesco.  See Exhibits "I" and "K".

24.  Immediately following the Corrective February 5, 2021 Press Release, OZOP's share price began to spike up significantly, between $0.41- $0.50 per share, which was 24 times greater than the January 12, 2021 $0.02 share price, at which Plaintiff sold all of his 4,370,180 OZOP shares in reliance on the materially misstated January 12, 2021 Press Release.  See Exhibits "E" and "J" attached hereto.

25.  Thus, the Corrective February 5, 2021 Press Release proximately and directly caused OZOP's share price to immediately increase.

26.  Had the materially misleading January 12, 2021 Press Release not been issued, Plaintiff would not have sold his OZOP shares on January 12, 2021, and would have received the benefit of the significant increase in OZOP's share price that occurred following the Corrective February 5, 2021 Press Release.

27.  Plaintiff's 4,370,180 OZOP shares if sold within a reasonably short time after the Corrective February 5, 2021 Press Release would be worth in excess of 2 Million Dollars.

28.  As alleged herein, Defendants knew or should have known that the statements issued and

10

disseminated in the name of OZOP by way of the January 12, 2021 Press Release were materially misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements; and acted with scienter in that Defendants knew facts or had access to information suggesting that their public statement in the January 12, 2021 Press Release was not accurate and failed to check information they had a duty to monitor.

29.     Defendants were privy to material non-public information concerning Wesco and the Master Supply Agreement prior to preparing, approving, and disseminating the January 12, 2021 Press Release that contained the material misrepresentation that OZOP had "entered into a Master Supply Agreement with Wesco International, Inc.", and Defendants' receipt of information reflecting the true facts regarding Wesco and the Master Supply Agreement amounts to participation in the fraudulent scheme alleged herein.

30.     Scienter is also demonstrated by the fact that Defendants knowingly or recklessly issued the materially misleading January 12, 2021 Press Release, as confirmed in the Corrective February 5, 2021 Press Release which states that "OZOP did not have authorization to issue the [January 12, 2021] press release", yet issued the January 12, 2021 Press Release nonetheless and failed to correct it until three (3) weeks later.  See Corrective February 5, 2021 Press Release, attached as Exhibit "K".

31.     Defendants knew or recklessly disregarded that their public documents and statements during the relevant period were materially false and misleading at the time they were

made; (ii) knew or recklessly disregarded that such statements or documents would be issued or disseminated to the investment community; and (iii) knowingly or recklessly participated in the issuance or dissemination of such statements or documents.

32.   The false and misleading nature of the January 12, 2021 Press Release caused the Plaintiff to immediately sell all of his OZOP shares, and following the Corrective February 5, 2021 Press Release the price of OZOP's shares surge up from $0.02 on January 12, 2021 to $0.48 per share at the market opening on February 6, 2021.

33.   The statutory safe harbor provided for forward- looking statements under certain circumstances does not apply to the false statements included in the January 12, 2021 Press Release and plead in this complaint, as statements, either written or oral, indicating that a contract has been "entered into" is not a forward-looking statement or a statement of prediction; rather, it is a statement of the present business condition of the company. Alternatively, to the extent that the statutory safe harbor does apply to any forward looking statements plead herein, Defendants are liable for those false forward-looking statements because at the time the alleged forward-looking statements were made, Defendants knew that the particular forward-looking statements were false, and/or the forward-looking statements were authorized and/or approved by Defendants who knew or should have known that the statements were false when made.

## FIRST CLAIM
## Violation Of Section 10(b) Of The Exchange ActAnd Rule 10b-5 Promulgated Thereunder Against OZOP and Conway

34.   Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

35.     Defendants carried out a plan, scheme and course of conduct which was intended to and did: (i) deceive the investing public, including Plaintiff, as alleged herein; and (ii) cause Plaintiff to sell his OZOP securities at an artificially deflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants took the actions set forth herein.

36.     Defendants: (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the owners/sellers of the Company's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

37.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to disseminate false and misleading material information about the business, operations and contracts of OZOP as specified herein.

38.     The Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of OZOP receiving contracts and having valuable business that did not exist which included the making of, or the participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about OZOP  and its business operations and contracts in the light of the circumstances under which they were

made, not misleading, as set forth more particularly herein, and engaged in transactions,
practices and a course of business which operated as a fraud and deceit upon the
owners/sellers of OZOP securities.

39.     The Defendants had actual knowledge of the misrepresentations and omissions of
material facts set forth herein, or acted with reckless disregard for the truth in that they
failed to ascertain and to disclose such facts, even though such facts were available to
them. Such Defendants' material misrepresentations and/or omissions were done
knowingly or recklessly. As demonstrated by Defendants' misstatements of the
Company's business, operations and contracts, if Defendants did not have actual
knowledge of the misrepresentations and omissions alleged, they were reckless in failing
to obtain such knowledge by deliberately refraining from taking those steps necessary to
discover whether those statements were false or misleading, and confirmed such
recklessness in the Corrective February 5, 2021 Press Release wherein they state "OZOP
did not have authorization to issue the [January 12, 2021] press release".  See Corrective
February 5, 2021, attached as Exhibit "K".

40.     In reliance upon and as a result of Defendants' dissemination of the materially false and
misleading information contained in the January 12, 2021 Press Release and failure to
disclose material facts, as set forth above, Plaintiff sold all of his OZOP shares at an
artificially deflated price and lost the benefit of selling his OZOP shares after the
February 5, 2021 Corrective Press Release, which caused a dramatic increase in the price
of OZOP shares, as detailed more fully above, and was significantly damaged thereby in
excess of 2 Million Dollars.

41.    At the time of said misrepresentation and omissions, Plaintiff was ignorant of the falsity, and believed them to be true. Had plaintiff and the marketplace known the truth that OZOP did not have a Master Supply Agreement with Wesco International Inc. and/or had terminated such Agreement such that it would never materialize, which was not disclosed by Defendants until three (3) weeks later on February 5, 2021, Plaintiff would not have sold his 4,370,180 OZOP shares on January 12, 2021 at the significantly artificially deflated price of approximately $0.02 per share.

42.    By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

43.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered significant damages in connection with his respective purchases and sales of OZOP securities.

44.    This action is being brought within two years after the discovery of the untrue statement and omissions and within five years after their issuance.

### SECOND CLAIM
### Violation Of Section 20(a) Of The Exchange Act Against
### Against Defendant Conway

45.    Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

46.    This claim under §20(a) of the Exchange Act is alleged against Defendant Conway based on the primary violation of §10b and Rule 10b-5 by OZOP as stated in the First Claim above.

47.    Defendant Conway acted as a controlling person of OZOP within the meaning of Section

20(a) of the Exchange Act as alleged herein. By virtue of his high-level position, and participation in and/or awareness of OZOP's operations and/or intimate knowledge of the false and misleading January 12, 2021 Press Release issued by the Company and disseminated to the investing public, Defendant Conway had the power to influence and control and did influence and control, directly or indirectly, the decision-making of OZOP, including the content and dissemination of the materially misleading statements made in the January 12, 2021 Press Release, and Corrective February 5, 2021 Press Release.

48.    Defendant Conway was provided with or had access to OZOP reports, press releases, public filings and statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected well prior to February 5, 2021.

49.    In particular, Defendant Conway had direct and supervisory involvement in the day-to-day operations of OZOP and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein.

50.    As set forth above, OZOP and Conway each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of his position as a controlling person of OZOP, Defendant Conway is liable pursuant to Section 20(a) of the Exchange Act.

51.    As a direct and proximate result of Defendant Conway's wrongful conduct, Plaintiff suffered significant damages in connection with his sale of his OZOP securities, as

outlined more fully above.

52.    This action is being brought within two years after the discovery of the untrue statements and omissions and within five years after their issuance.

**COUNT THREE**
**COMMON LAW FRAUD**
**Against OZOP and Conway**

53.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs.

54.    As explained more fully above, Defendants misrepresented material facts and omitted to state material facts in the January 12, 2021 Press Release, specifically that OZOP had entered into a Master Supply Agreement with Wesco and that OZOP had authorization to release that information to the public, when in fact it did not.

55.    Plaintiff believed the representations made in the January 12, 2021 Press Release, and form 8-K filed the same day with the SEC. Plaintiff did not know, and in the exercise of reasonable diligence could not have known, that OZOP did not have a valid and binding Master Supply Agreement with Wesco and/or that OZOP did not have authorization to release said misrepresentations.

56.    Plaintiff reasonably relied upon Defendants' fraudulent representations and in justifiable reliance thereon was induced to and did to sell all of his 4,370,180 OZOP shares on January 12, 2021 for approximately $0.02 per share.

57.    The representations by Defendant (a) were material; (b) were false when made; (c) were known and/or should have been known by the Defendants to be false, and (d) deceived Plaintiff.

58.    By virtue of the Defendants' fraudulent conduct, as herein alleged, including, but not

limited to, the fraudulent and deceptive representations made in the January 12, 2021

Press Release, which was attached as an Exhibit to OZOP's Janury 12, 2021 Form 8-K

filed with the SEC, and their failure to correct those fraudulent and deceptive

representations until three (3) weeks later, Plaintiff has been defrauded and deceived by

Defendants.

59.     Defendants' fraudulent conduct, as alleged herein, was undertaken willfully, wantonly,

and in reckless disregard for the rights of Plaintiff.  Plaintiff is therefore entitled to an

award of punitive damages against Defendants.

**COUNT FOUR**
**NEGLIGENT MISREPRESENTATION**
**Against OZOP and Conway**

60.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs.

61.     Defendants owed a duty of care, imposed by the federal securities laws and state fiduciary

duty law, to disseminate complete, accurate and truthful information to Plaintiff and the

public in general in connection with OZOP. In pursuing the conduct described herein,

Defendants intentionally and/or negligently provided materially misleading information

and/or omitted to disclose material facts in the January 12, 2021 Press Release, and failed

to correct those material misstatements and omissions until three (3) weeks later, by way

of the Corrective February 5, 2021 Press Release, as alleged in more detail above, thereby

breaching the duty of care owed to Plaintiff.

62.     Defendants were without any reasonable basis for believing that such misrepresentations

and omissions of material fact were justified and in fact confirmed in the Corrective

February 5, 2021 Press Release that they "did not have authorization to issue the [January

18

12, 2021] press release".  See Exhibit "K".

63.   At the time of said material misstatements and omissions, Plaintiff did not know that a

Master Supply Agreement with Wesco was not valid, and believed as represented in the

January 12, 2021 Press Release that "OZOP had entered into a Master Supply Agreement

with Wesco".  See Exhibit "I".

64.   In justifiable reliance upon the material misstatements and omissions in the January 12,

2021 Press Release, Plaintiff was induced to and did immediately sell all of his 4,370,180

OZOP shares for approximately $0.02 per share.  Had Plaintiff known the truth, that

OZOP did not have a valid Master Supply Agreement with Wesco, he would not have

sold his OZOP shares.

65.   Defendants are liable to Plaintiff for negligent misrepresentation because (1) Defendants

had a duty to Plaintiff to provide pertinent and all accurate information in connection with

OZOP, (2) Defendants either knowingly and/or recklessly made false representations and

omitted pertinent information in the January 12, 2021 Press Release, which it did not

correct until three (3) weeks later;  (3) the information was needed by Plaintiff to make

informed decisions with respect to the sale of his OZOP shares; (4) Plaintiff reasonably

relied on the false representations and on Defendants' failure to disclose of all material

information to his significant detriment; and (5) Defendants did not exercise reasonable

care or competence.

66.   As a result of the foregoing, Plaintiff sold all of his 4,370,180 OZOP shares on January

12, 2021 for approximately $0.02 per share and has thereby been significantly damaged.

The exact amount of Plaintiff's injury is to be determined at trial, but totals substantially

in excess of $2 Million Dollars.

## COUNT FIVE
### Violation of Massachusetts Uniform Securities Act. M.G.L.A. 110A §§ 101. 410 Against OZOP and Conway

67. Plaintiff repeats and realleges the allegations of the foregoing paragraphs as if fully incorporated herein.

68. This claim is brought under the Massachusetts Uniform Securities Act, M.G.L.A. 110A § 101, et. seq. against both Defendants.  Section 101 of the Massachusetts Uniform Security Act, M.G.L.A. 110A § 101, states, in material part, that "[i]t is unlawful for any person, in connection with the offer, sale, or purchase of any security, directly or indirectly … to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading."

69. Section 410 of the Massachusetts Uniform Security Act, M.G.L.A. 110A § 410, states, in material part:

**(a) Any person who**
**(2) offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, the buyer not knowing of the untruth or omission, and who does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission, is liable to the person buying the security from him, who may sue either at law or in equity to recover the consideration paid for the security, together with interest at six per cent per year from the date of payment, costs, and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of the security, or for damages if he no longer owns the security. Damages are the amount that would be recoverable upon a tender less the value of the security when the buyer disposed of it and interest at six per cent per year from the date of disposition.**

**(b) Every person who directly or indirectly controls a seller liable under subsection (a), every partner, officer, or director of such a seller, every person occupying a similar status or performing similar functions, every employee of such a seller who materially aids in the sale, and every broker-dealer or agent who materially aids in the sale are also liable jointly and severally with and to the same extent as the seller, unless the non-seller who is so liable sustains the burden of proof that he did not know, and in exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist. There is contribution as in cases of contract among the several persons so liable.**

70.    The OZOP shares purchased and sold by Plaintiff in Massachusetts are "securities" within the meaning of the Massachusetts Uniform Securities Act.

71.    Defendants' conduct as alleged in this Complaint violated the Massachusetts Uniform Securities Act because they directly or indirectly made untrue statements of material fact and/or omitted to state material facts necessary in order to make their statements, in the light of the circumstances under which they were made, not misleading, and/or engaged in acts, practices, or courses of business in connection with OZOP securities that operated as a fraud or deceit upon Plaintiff, who purchased and sold his OZOP shares in Massachusetts.

72.    At the time Plaintiff sold his OZOP shares he did not know that the representations made by Defendants were materially false and misleading, and did not know the true facts that are alleged in this Complaint to have been omitted.

73.    Plaintiff reasonably relied on those statements.

74.    The misrepresentations and unlawful conduct by Defendants deceived and misled Plaintiff, and caused him to suffer substantial damages, as outlined more fully above.

WHEREFORE, plaintiff prays for relief and judgment, as follows:

(A) Awarding compensatory damages in favor of Plaintiff against both Defendants, jointly

and severally, for all damages sustained as a result of Defendants' wrongdoing, in an

amount to be proven at trial, including interest thereon;

(B) Awarding Plaintiffs his reasonable costs and expenses incurred in this action, including,

but not limited to counsel fee and expert fees;

(C) Awarding Plaintiff punitive damages;

(D) Pre-judgment and post-judgment interest; and

(E) Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

     Respectfully submitted,
     ALAN L. FRANK LAW ASSOCIATES, P.C.

     _/s/   Alan L. Frank_
     Alan L. Frank, Esquire
     Attorney Bar Code# 4211744
     Alan L. Frank Law Associates, P.C.
     135 Old York Road
     Jenkintown, PA 19046

     45 Broadway, Suite 720
     New York , NY 10006
     Attorneys for Plaintiff Patrick Mulligan

Dated: March 8, 2021

## VERIFICATION

I verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  I understand that the statements in said Complaint are made subject to the penalties for unsworn falsifications to authorities.

PATRICK MULLIGAN

Dated: 3/4/2021